COURT OF APPEALS, (E. S.) JUNE TERM, 1823.

WHITTINGTON *vs.* THE FARMERS BANK OF SOMERSET AND WORCESTER.

APPEAL from *Worcester* county court. This was an action of *assumpsit*, brought in the names of *The President and Directors of the Farmers Bank of Somerset and Worcester*, (now appellees,) against *Whittington*, (the appellant,) as the indorsor of a promissory note drawn on the 25th of February 1818, by *R. J. H. Handy*, and payable 60 days after date to *J. C. Handy*, or order, for $5790, and endorsed by *J. C. Handy* to the appellant, or order, and by the appellant endorsed to the appellees. The note was made negotiable at *The Farmers Bank of Somerset and Worcester;* and payable at the house of *J. P. Duffield*, in the town of *Snow Hill*. The declaration was in the usual form, stating the manner in which the note was drawn, and the endorsement thereof by *J. C. Handy* to the defendant,

No dilatory plea can be received after the rule day unless the fact upon which it is founded occurred subsequent to the rule day

The handwriting of the drawer and endorsers of a promissory note being proved, the note may be read in evidence without proof of its having been protested

The protest of a promissory note is not evidence of itself in chief of the fact of a demand on the drawer. If the notary public was dead, the case would be governed by different considerations

It is no objection to a protest, which is stated to have been made at the request of *The Farmers Bank of Somerset and Worcester,* instead of *The President,* &c the corporate name

Parol evidence is admissible to prove th t a written order entered among the proceedings of the board of directors of a b nk, was rescinded and annulled, by a subsequent verbal order, of which no minute in writing was made

The parol proof of such verbal order need not establish the fact that the order was rescinded by the board of directors at a regular meeting of the board at the ordinary place of meeting, consisting of the president, and not less than the number of directors, required by the charter for transacting the ordinary business of the bank—nor need such parol testimony show the day and year on which the order h d been rescinded

In an action on a promissory note endorsed to a bank, the defendant cannot set off against the claim of the bank any stock he may have therein

The general issue being pleaded, the plaintiffs are not bound to show that they are a body corporate

The defendant cannot retain in his hands the amount specified in the promissory note on which the action is brought by the bank, although the bank may have in its po ession mon ey, dividends of stock. or other profits of the bank, to the same or greater amount, belonging to the defendant; he can only claim to have deducted from the note, mon y or other funds in the possession of the bank belonging to him

He has a right to avail himself of any fraud, mistake or imposition, practised on him as an individual; but he cannot, as a stockholder, claim an allowance in an action against him by the bank as the endorsor of a pro missory not , for any mismanagement of the president and directors of the bank

Evidence that there was n t a sufficient number of directors of the bank present at the time of making a certain order, competent to transact business of that description, and that funds had been withdrawn from the bank under that order, when the charter required a greater number of directors, whereby the defendant, as a stockholder, had been deprived of a dividend on his stock, &c—Held, that the evidence was inadmissible

The def ndant, in order to show that there was money in the bank on which he was entitled to a dividend, and which should be credited against the claim of the bank. proposed the following question to the c shier of the bank, viz "You say that this bank is insolvent, specify some particular creditor, and say what is the evidence of the amount of his debt?" for the pu pose of showing whether the claimants, or alleged creditors, were genuine or spurious, or were satisfied, &c Held, that the question was improper to be answered

The court refused to direct the jury that the testimony of a witness was insufficient and not competent in law, on account of its vagueness and uncertainty, to prove the rescinding of an order adopted by the board of directors

The defendant may set off against the claim of the bank, any money he has in the bank, or any dividends or rofits declared by the bank to be due to him as a stockholder; but he cannot be allowed for the value of his stock; and the court refused to direct the jury, that money illegally drawn from the bank is to be considered to be in the vault of the bank, for the benefit of the stockholders and creditor of the bank, &c

The court refused to direct the jury, that if the defendant was entitled to stock in the bank, and that the funds of the bank are solvent, and there would be a surplus to be applied to the stockholders, they were bound in assessing damages, to admit the true value of such stock as a set off against the claim of the bank. Also, that unless it is proved that the funds of the bank are insufficient to pay the debts of the bank, the jury are to presume that the funds are sufficient to discharge, as well the debts and claims against the bank, as all stockholders, &c. Also, that if it appeared to the jury to be true that the preamble to a supplement to the act of incorporation of the bank, contains suggestions of matters and things not true, and that the president or directors did not apply for or give their consent to the said supplementary act, that then it was obtained through fraud, &c. and is unconstitutional, null and void

and that he endorsed the note, "his own proper hand being thereon subscribed, and by that indorsement appointed the contents of the said note to be paid to *the said Farmers Bank of Somerset and Worcester*, or its order, for value of it received," &c. The declaration averred, that on the 29th of April 1818, at the house of *J. P. Duffield*, in the town of *Snow Hill*, the said Farmers Bank of *Somerset* and *Worcester* presented the note, with the endorsements made thereon, to *R. J. H. Handy*, and requested payment, &c. and on the same day at the said house gave notice by *S. H.* the proper servant for that purpose of the said Farmers Bank, &c. that the said note had become due, and exhibited the said note, &c. and inquired for the defendant for the purpose of demanding payment, &c. The defendant having been ruled to plead, at the third term after the action was brought, viz. May term 1822, "suggested to the court that there is no plaintiff in court, and that the corporation known by the name and style of *The President and Directors of the Farmers Bank of Somerset and Worcester*, is dissolved and dead, and that there is no such body corporate in being; and the said *Whittington* saith, that the said writ and declaration, and the matters therein contained, are not sufficient in law to compel him to answer to the said writ and declaration, to which said writ and declaration the said *Whittington* is under no necessity, nor in any wise bound by the law of the land to answer. And the said *Whittington* defends the force and injury when, &c. and saith," &c. pleading the general issue, and exhibiting an account in bar, being for 100 shares of stock in the said bank of $5000, and the profits and dividends thereof. Issue was joined.

1. The defendant, on the third day of the court, (May term 1822, being the third term after the action was brought,) made a suggestion upon the record, that there is no plaintiff in court, and that the corporation, which appears as plaintiff, is dead, and that there is no party in court authorised to act as attorney for the said nominal plaintiff; and offered to prove the same by the charter, and proceedings in the said bank, and acts of assembly. But the court, [*Martin*, Ch. J.] was of opinion, and so decided, that no dilatory plea could be received, unless the fact upon which that dilatory plea was founded occurred subsequent to the

second day of this term, at which time the rule to plead
expired. The defendant excepted.

2. The plaintiffs at the trial offered in evidence the promissory note mentioned in the declaration, after the signatures of the drawer and endorsers had been proved, to which the defendant objected, on the ground that it did not appear from the note that the same had been protested according to law; which objection was overruled by the court. The defendant excepted.

3. The plaintiffs, after having read in evidence the promissory note above mentioned, offered in evidence a protest of the said note, made on the 29th of April 1818, at the request of *The Farmers Bank of Somerset and Worcester*, by a notary public. To which the defendant objected, on the grounds that the said protest appears to have been made at the request of *The Farmers Bank of Somerset and Worcester*, instead of *The President and Directors of the Farmers Bank of Somerset and Worcester*. The objection was overruled. The defendant excepted.

4. Evidence having been offered to prove that the following order was entered upon the proceedings of the board of directors of the Farmers Bank of *Somerset* and *Worcester*, on the 24th of October 1817, to wit: "On motion, Ordered, That a call be made on all the debtors of this institution, of ten per cent, and give a privilege to them to surrender stock of the institution at the rate allowed to stockholders in paying the last instalment, of all or any part of the debts due the institution. This order to operate on all notes becoming due after the first of December next;" which order appearing upon the record of proceedings of the board of directors, and it not appearing from the said record that it had been rescinded at any time subsequent to the 24th of October 1817; and it having appeared in evidence, that the defendant was possessed of 100 shares of the capital of said bank, of the value of $50 per share, and that he had made a tender to the board of directors to comply with the terms of the order, on the 18th of July 1821, which tender and proposition are as follow: "July 18th, 1821. It is ordered and agreed by this board, that the president and cashier be authorised to settle and adjust the claim of this institution against *W. Whittington;* and if the said *Whittington* has or shall procure stock or notes of this institution, or stock or estate in the pro-

perty formerly belonging to *The Union Company*, that the same, or any part thereof, shall be accepted and received in discharge of his debt to this institution at par, to the amount thereof, which may be transferred or delivered to the institution." Upon said tender and proposition appears the following endorsement: "Rejected as to the manner of payment." The defendant then moved the court to instruct the jury, that forasmuch as the said order appears upon the proceedings of the said board of directors in writing; and forasmuch as it does not appear in writing, among the proceedings of the said board of directors, that the said order had been rescinded at any time subsequently to the 24th of October 1817, that therefore parol evidence cannot now be introduced to rescind and annul the said written order; and that the defendant is entitled to an allowance of any amount of stock which he may possess in the Farmers Bank of *Somerset* and *Worcester*, as an account in bar against the amount for which this suit is brought, under the said order of the said board, adopted on the 24th of October 1817. Which direction the court refused to give; but were of opinion, and so directed the jury, that if they should believe from the evidence, that the order of the 24th of October 1817 was passed by the president and board of directors, that so long as that order was in force and unaltered, the defendant might tender stock in payment of his debt to the bank; but if the said order was rescinded or annulled by the president and board of directors, consisting of at least five directors and the president, by a parol order, that the president and directors were not compelled to receive the said stock in payment of the defendant's debt, after the rescinding the order as aforesaid. The court were also of opinion, that if there was an order made by the president and directors to rescind the said order of the 24th of October 1817, and no minute in writing or memorandum made of the same, that it may be proved by parol evidence. The defendant excepted.

5. The defendant then moved the court to instruct the jury, that no parol evidence can prove the rescinding of the order of the 24th of October 1817, before mentioned, unless such evidence establishes the fact, that the said order was rescinded by the board of directors at a regular meeting of the said board, at the ordinary place of meet-

·ing of the board, consisting of the president and not less than five directors; and also that such parol testimony should show the day and year on which the said order had been so as aforesaid rescinded. Which the court refused to give. The defendant excepted.

6. The defendant then prayed the court to direct the jury, that they should make any deductions or allowance from the amount claimed by the plaintiffs, by reason of any money or funds or stock, which may be in the hands of the plaintiffs, belonging to the defendant; and that the jury shall make deductions from the amount claimed by the plaintiffs of money, funds, stock or credits, belonging to the defendant, in the hands of the plaintiffs. Which direction the court also refused to give; but were of opinion, and so directed the jury, that if they believed from the evidence that the defendant had money or other funds in the hands of the plaintiffs, that they ought to deduct the amount of such money or funds from the plaintiffs' claim; but the defendant cannot, in this action, set off against the claim of the plaintiffs any stock he may have in the Bank of *Somerset* and *Worcester*, unless the jury shall believe from the evidence, that the order of the 24th of October 1817, before mentioned, is still in force, or the said stock was rendered by the defendant to the plaintiffs in payment during the time the said order was in force, and before it was rescinded. The defendant excepted.

7. The defendant then prayed the court to instruct the jury, that under the general issue pleaded in this action, the plaintiffs must show that they are a body corporate. Which instruction the court refused to give. The defendant excepted.

8. The defendant then moved the court to instruct the jury, that although the promissory note given by the defendant, as exhibited in evidence, is evidence of so much money being in his hands or possession as in the promissory note is specified, yet that the defendant may retain the same in equity and conscience, though not at law, provided they were satisfied from the evidence, that the plaintiffs have in their hands or possession, money, dividends of stock, or other profits of The Farmers Bank of *Somerset* and *Worcester*, to the same or greater amount belonging to the defendant; and that the jury should so find their verdict. Which instruction the court refused to give, but were of

opinion, and so directed the jury, that if they believe from the evidence that the defendant has money or other funds in the hands of the plaintiffs, they ought to deduct the amount of the same from the plaintiffs' claim in this case. The defendant excepted.

9. The defendant then moved the court to direct the jury, that the defendant, under the plea of *non assumpsit* has a right to avail himself of any fraud, mistake or imposition, practised on him in the transactions of the said bank, whereby it may appear to the jury that the claim of the plaintiffs, as exhibited against him, is unlawful, and to show that nothing in equity and conscience is due to the plaintiffs. Which instruction the court refused to give, because it was in too general terms, and might mislead the jury; but they were of opinion, and so directed the jury, that the defendant has a right in this action to avail himself of any fraud, mistake or imposition, practised on him as an individual, but that he cannot claim an allowance in this case for any mismanagement of the President and Directors, as a stockholder in this bank. The defendant excepted.

10. The defendant then offered to read in evidence the proceedings had before the board of directors of the Farmers Bank of *Somerset* and *Worcester*, at a meeting by them held on the 29th of November 1815, viz. "November 29th, 1815. Present, *John C. Handy*, President, *James Givans*, *James B. Robins*, (qualified,) *John S. Martin*, *E. K. Wilson*. Ordered, that Mr. *Wilson* be requested to attend to the business of this bank in the proposed convention at *Annapolis*. On the 2d, Ordered that the cashier may permit the account of the *Union Company* to run up to the sum of $5000; after that sum has been drawn by them, interest to be paid until paid up, which is pledged to be paid on or before the 15th of March 1816"—with a view to show that there was not a number of directors present at that time competent to transact business of that description, and that funds had been withdrawn from the bank in consequence of the orders of that day, adopted as aforesaid by the president and four directors, when the charter of incorporation, and the act of assembly under which they acted, required a president and five directors for the transaction of such business. Whereby he alleges that he, as a stockholder, has been imposed on by the

plaintiffs, and deprived of a dividend on the said sum of $5000, from the date of the said order to the present time; and that as no dividends have been allowed the stockholders on the said sum, and as the same has been illegally withdrawn from the vaults of the bank, the same should in law be still considered and presumed to be in the vaults of the said bank; and that the jury have a right in this action to make him an allowance of a reasonable dividend on the same, and deduct the same from the plaintiffs' claim. But the court were of opinion, that the said evidence was inadmissible, and refused to let it go to the jury. The defendant excepted.

11. The defendant then addressed the following questions to *J. P. Duffield*, a witness introduced and sworn on the part of the defendant, which witness was the cashier of the Farmers Bank of *Somerset* and *Worcester*, to wit: "You say that this bank is insolvent, specify some particular creditor, and say what is the evidence and the amount of his debt?" 'for the purpose of showing whether the claimants or alleged creditors were genuine or spurious, or counterfeit claimants or creditors; for upon the introduction of the evidence of their alleged claims, it may appear in evidence that the said alleged claims were either satisfied, or the evidence of the debts might be counterfeit bank notes, and if so, that thereby it would appear that there is money in bank on which the defendant is entitled to a dividend, which should by the jury be carried to his credit against the claim of the plaintiffs. To the answering of which questions the plaintiffs objected; and which objection was sustained by the court. The defendant excepted.

12. The defendant then moved the court to instruct the jury, that the testimony delivered by *J. C. Handy*, a witness introduced and sworn on the part of the defendant, and who was the President of the Farmers Bank of *Somerset* and *Worcester*, is insufficient, and not competent in law, on account of its vagueness and uncertainty, to prove the rescinding of the order adopted on the 24th of October 1817, (herein before mentioned,) and appearing upon the records of the proceedings of the board of directors. The witness, on being told to repeat the testimony which he had before given upon the subject of rescinding the order adopted at a meeting of the board of directors on the

24th of October 1817, said as follows: "It was at a meet-ing of the board, the day or particular time I do not re-collect, the order was rescinded, and directions given to me to give notice to the proper officer. There was no me-morandum in writing, that I recollect; and I do not re-member whether that meeting of the board of directors was a regular or special meeting—whether the meeting of the board of directors was called by me as president; or the number of directors that were present." Which in-struction the court refused to give. The defendant except-ed.

13. The defendant then moved the court to instruct the jury, that whatever money has not been drawn out of the Farmers Bank of *Somerset* and *Worcester*, agreeably to the charter of incorporation, the legal by-laws of the in-stitution, the laws and constitution of this state, and the constitution of the *United States*, is to be considered and presumed to be in the vault of the said bank, for the bene-fit of the stockholders and creditors of the said bank; and that the jury has a right to apply as much thereof as be-longs to the defendant, either as a stockholder, individual, or creditor of the said bank, as will bar the claim exhi-bited against him by the plaintiffs. Which instruction the court refused to give, being apprehensive it would mislead the jury; but were of opinion, and so directed the jury, that the defendant may set off any money he has in the hands of the plaintiffs, or any dividends or profits declared by the president and directors to be due to him as a stock-holder; but that he cannot be allowed for the value of his stock in this action, unless the jury shall believe from the evidence, that the order of the board of directors of the 24th of October 1817, is still in force, or that he tendered the said stock in payment of his debt before the said order was rescinded; or that he tendered notes of the bank in payment. The defendant excepted.

14. The defendant then produced evidence that he was entitled to 100 shares of the capital stock of the Farmers Bank of *Somerset* and *Worcester*, and that he had fully paid up and satisfied to the president and directors of the said bank, the sum of $50 on each share of the said bank stock, conformable to the rules, regulations and by-laws of the said corporation, and agreeably to the original act of incorporation. He further offered in evidence the act of

assembly, entitled, "An act for the benefit of the Farmers
Bank of *Somerset* and *Worcester*, and the *Salisbury*
branch," passed at December session 1820, *ch.* 116, where-
by the said corporation is declared no longer capable of dis-
counting bills, drafts or notes, but is by the said law re-
quired to close the concerns of the said bank, and to make
dividends of the profits among the stockholders of the same
institution every two months. He further offered evidence,
to prove that the joint property of the said bank, as con-
nected with the branch bank at *Salisbury*, was amply suf-
ficient to pay and satisfy all claims and demands whatever
as debts due and owing from the said institution. Upon
this evidence the defendant moved the court to instruct the
jury, that if, from the evidence thus exhibited to them, they
should be satisfied that the defendant was entitled to 100
shares of the capital stock of the said bank, and that the
joint funds of the said banks are good and solvent, and ca-
pable of paying the creditors of the said institutions; and
that after paying all debts and claims to which said insti-
tutions were liable, there would be a considerable surplus,
which ought to be applied to the benefit of the stockhold-
ers, that then and in that case the jury were bound in law,
and it was their duty in assessing damages, to admit the
true value of such stock as a set off against the plaintiffs'
claim. Which instruction the court refused to give. The
defendant excepted.

15. The defendant then moved the court to direct the
jury, that if they should, from the evidence exhibited, be-
lieve that the defendant was entitled to 100 shares in the
capital stock of the said company, and that the stockhold-
ers of the said bank had accepted the provisions of the act
of assembly, entitled, "An act for the benefit of the Far-
mers Bank of *Somerset* and *Worcester*, and the *Salisbury*
branch," passed at December session 1820, *ch.* 116, and
had acted and proceeded to collect the debts, and pay off
the creditors of the said institution, agreeably to the terms
of the said act of assembly, that then and in that case, if
the plaintiffs do not by competent evidence show that the
joint funds of the said corporation are insufficient to pay
the whole debts of the said corporation, they have a right,
and ought to presume that the joint funds are sufficient to
discharge, as well the debts and claims against the said in-
stitution, as all stockholders in the said bank; and they are

June 1823. bound in assessing damages to admit as a set off the full
Whittington   amount of capital stock held by the defendant at the just
vs            value thereof. Which instruction the court refused to give.
Farmers Bank, &c  The defendant excepted.

16. The defendant then stated, that by the original act
of incorporation of the said bank, passed at November ses-
sion 1811, ch. 193, it is, in the sixth section of that act,
enacted as follows: "And be it enacted, That the affairs
of the said bank shall be managed by sixteen directors and
a president, eight of the directors to be resident in Worces-
ter county, and eight in Somerset county." He further
stated, that the preamble of the act of 1820, ch. 116, is as
follows, viz. "Whereas it has been deemed advantageous
by the stockholders of the Farmers Bank of Somerset and
Worcester, and the Salisbury Branch Bank, that the affairs
of the banks should be settled, and the corporation dissolv-
ed, and to that end hath petitioned the legislature of Ma-
ryland;" and this preamble, he alleges, contains a sugges-
tion of matters and things not true; and he alleges, that
neither the president nor directors did apply or give their
consent to the changes made in the said act of incorporati-
on by the said act of 1820, ch. 116; and he further states
and alleges, that it was not deemed advantageous by the
stockholders of the Farmers Bank of Somerset and Wor-
cester, or by the stockholders of the Salisbury branch bank,
that the said change or reduction of the number of directors,
from sixteen to seven, should be made, nor were they ever
consulted or advised upon the subject, nor did they ever pre-
fer a petition to the legislature for that purpose; and that
the last mentioned act was passed without their consent
first had and obtained according to law. If these state-
ments, allegations and suggestions, should appear to the
jury to be true, from the evidence introduced in the case,
then and in that case the defendant contends, that the said
act was obtained through fraud, imposition and surprise,
and is void. The defendant then moved the court to in-
struct the jury, that the said last mentioned act of assem-
bly is unconstitutional, null and void; and if so, that the
present action cannot be sustained, it having been brought
by virtue of the said act of assembly of 1820, ch. 116; and
they are bound to find a verdict for the defendant. Which
instruction the court refused to give. The defendant ex-

cepted. The verdict and judgment being in favour of the plaintiffs, the defendant appealed to this court.

The cause was argued before BUCHANAN, EARLE, DORSEY, and STEPHEN, J. by

The Appellant in person, and by

*Chambers,* for the appellees.

The opinion of the court was delivered by

DORSEY, J. This court concur with the court below in the opinions expressed by them, in the 1st, 2d, 4th, 5th, 6th, 7th, 8th, 9th, 10th, 11th, 12th, 13th, 14th, 15th and 16th bills of exceptions; but they differ from the court below, in permitting the protest, set out in the *third* bill of exceptions, to go to the jury. We hold it to be clear, that the protest of a promissory note is not evidence of itself in chief of the fact of demand; and as there is no parol proof of a demand set forth in the exception, it is difficult to conceive that the protest was produced for any other purpose than proving a demand on the drawer. If the notary public had been dead, and this fact appeared by the record, the case would have been governed by different considerations. We are of opinion that the judgment of the court below must be reversed.

JUDGMENT REVERSED, AND PROCEDENDO AWARDED.