THE PHENIX BANK OF THE CITY OF NEW-YORK *against*
CURTIS.

If, in an action *ex contractu*, brought by a foreign corporation, the defendant
plead the general issue, this admits the capacity in which the plaintiff sues.
But it does not admit the power of the plaintiff to make the contract declared on ;
proof of which is still necessary to enable the plaintiff to recover.
And the defendant may avail himself of the want of such proof, to defeat a re-
covery, at any time in the course of the trial.
Therefore, where the objection was not taken until the last turn of the defend-
ant's counsel in the argument ; it was held, that it was not taken too late.

THIS was an action of *assumpsit* against the defendant, as
the indorser of a promissory note, made by *William Clark,*
for 828 dollars, 69 cents, dated *April,* 19th, 1839, and paya-
ble to the defendant, or order, at the *Windham County Bank,*
30 days after date.   The declaration alleged, that the plain-
tiffs were a body incorporated by the laws of the state of *New-
York,* by the name of " *The Phenix Bank of the City of New-
York,*" and made a profert of their charter.

The defendant pleaded the general issue ; on which the
cause was tried, at *Brooklyn, October* term, 1840, before
*Church,* J.

The plaintiffs offered no evidence to prove that they were
a corporation with right to sue, as alleged in their declaration.
No objection was taken, by the defendant, on this account,
until one of his counsel, in the closing argument on that side,
claimed of the court to instruct the jury, that without such
evidence, the plaintiffs could not sustain this action.   The
court did not so instruct the jury ; and they returned a ver-
dict for the plaintiffs.   For this omission, and for other causes
which it is not necessary to notice, the defendant moved for
a new trial.

*C. F. Cleaveland* and *Hovey,* in support of the motion, con-
tended, 1. That the averment in the declaration that the
plaintiffs were a corporation, created by the laws of the state
of *New-York,* and invested with the power to sue, was a
material one, requiring proof.   *Middletown Bank* v. *Russ &
al.* 3 *Conn. Rep.* 135.   *Central Manufacturing Company* v.
*Hartshorne, Id.* 199.   Without such an averment, supported
by evidence, the plaintiffs cannot maintain their action.

2. That the defendant, by pleading the general issue, had not excused the plaintiffs from giving such evidence. *Jackson* v. *Plumbe,* 8 *Johns. Rep.* 378. *Dutchess Cotton Manufactory* v. *Davis,* 14 *Johns. Rep.* 238. *Bill* v. *Fourth Western Turnpike Company, Id.* 416.

3. That the objection was not waived, by being taken too late. If the plaintiffs had failed to make out their case—to prove all that was necessary to entitle them to recover—it was the proper time for the defendant's counsel, when they were addressing the jury, to point out the defect in the proof, and to insist upon it, as a ground of non-suit, or a verdict for the defendant. [Other points omitted.]

*Strong* and *G. Perkins,* contra, contended, 1. That the defendant, by pleading the general issue, had waived this objection, and recognized the existence of the plaintiffs as a corporation, and their presence in court in that capacity. If the defendant wished to avail himself of this defect, he should have pleaded it in abatement. In a suit by partners, to which the general issue is pleaded, must they prove, on the trial, that they were partners?

2. That as a matter of *practice,* the objection was taken too late. It is not usual for the plaintiff to offer the evidence in question, unless it is required by the defendant; and if not required before the argument, or during the opening turn, it is considered as waived. To break in upon this practice, would be attended with much unnecessary expense and inconvenience.

Williams, Ch. J. The plaintiff claims, that under the general issue, the defendant could not take the objection, that the existence of the plaintiffs as a corporation, was not proved; and if it could be, it was here taken too late in the trial.

As to the last point. If the plaintiffs are bound to prove their corporate powers, it is not easy to see why the defendant might not, at any time in the course of the trial, shew to the court and jury, that they had failed to do this. Why may he not wait and see whether the plaintiffs have produced all the proof necessary to make out their case, and if not, call upon the court to say, that for want of such proof, they cannot recover? An omission by the counsel who first addressed

the jury for the defendant, to press the point, could no more prove a waiver of it, than if he had omitted to notice that the indorsement was not proved.  If through mistake or accident, or because it was supposed to be conceded, the plaintiffs omitted to produce the evidence they possessed, the court would probably have permitted it to be done at a late hour, to prevent injustice.  But after the plaintiffs have adduced all the evidence they have, and yet have omitted a point which is material, we know no rule of law or of the court, which will prevent the defendant's counsel from pointing out such omission to the jury.  Indeed, upon the general issue, this is the usual mode of defence.  By this delay, therefore, the defendant is not deprived of the benefit of his objection.

*Windham,*
*July, 1841*

Phenix Bank
*v.*
Curtis.

The great question however, is, whether the defendant, by his plea of the general issue, is not precluded from making the objection.  Under this, two questions may arise.  1. Does the defendant, by this plea, admit the capacity of the plaintiffs to sue ?   2. If he does, does he also admit the power of the plaintiffs to make the contract upon which they sue ?

1. It was held, very early, in the state of *Massachusetts,* that under this plea the defendant could not deny the existence of the corporation.  *Monumoi Great Beach* v. *Rogers,* 1 *Mass. Rep.* 159.  *Kennebeck Purchase* v. *Call,* 1 *Mass. Rep.* 483. 485.  And it is there a well settled principle, that pleading over to the merits admits the capacity of the plaintiff. *Sutton First Parish* v. *Cole,* 3 *Pick.* 232. 245.

And the courts of the state of *Maine* have pursued the same course.  *Penobscot Boom Corporation* v. *Lamson* & al. 4 *Shep.* 224.

In *Vermont,* similar decisions have been made.  *Bank of Manchester* v. *Allen,* 11 *Verm.* 302.

In *New-Hampshire,* it is said, that the general issue is a waiver of all exceptions to the person of the plaintiff.  *School District* v. *Blaisdell,* 6 *N. Hamp.* 197.   *Concord* v. *McIntire, Id.* 527.

In *Alabama,* it has been held, that by pleading to the merits, the defendant admits the capacity of the plaintiffs to sue. *Prime* v. *Garret, Alab. N. S.* 24.

In *Ohio* too, it has been decided, that the general issue admits the capacity of the plaintiffs to sue.  *Methodist Episcopal Church of Cincinnati* v. *Wood,* 5 *Ham.* 286.

The supreme court of the *United States* have also repeatedly decided, that by pleading to the merits, the defendant necessarily admitted the capacity of the plaintiffs to sue. *Conrad* v. *The Atlantic Insurance Company,* 1 *Pet.* 387. 450. *Society for the Propagation of the Gospel* v. *Pawlet,* 4 *Pet.* 480. 501. *Yeaton* v. *Linn,* 5 *Pet.* 224. 231.

In the state of *New-York,* it is said, however, that under the general issue the plaintiffs must shew, that they had a legal existence and a capacity to sue. *Bank of Utica* v. *Smalley,* 2 *Cowen,* 780. But highly as we respect the courts of that state, in view of the authorities cited, and in analogy to decisions in case of administrators, whose capacity to sue cannot be questioned under this plea, (11 *Mass. Rep.* 314. 3 *Day,* 304.) we hold, that the capacity of the plaintiffs to sue cannot be questioned in this stage of the pleadings.

2. But if the right of the plaintiffs to sue is admitted, another question arises, whether they must not prove, by their act of incorporation, or in some other way, what rights and powers are vested in them, not to prove that they may sue, but to prove that they could enter into the contract upon which they sued. It is to be recollected, that the plaintiffs claim to be incorporated in another state, and thus stand upon the same ground as foreign corporations. No notice, therefore, need be taken of cases where it has been held, that no proof was necessary, because the acts were of a public nature and must be noticed by the court; as in *Whittington* v. *Farmers Bank,* 5 *Har. & J.* 489. *Dutchess Cotton Manufactory* v. *Davis,* 14 *Johns. Rep.* 245. 10 *Mass. Rep.* 92.

In the state of *New-York,* this question has been repeatedly decided, so that the law there is settled beyond controversy; and although the plaintiffs need not set out their act of incorporation, yet, under the general issue, they must produce it. *Jackson* v. *Plumbe,* 8 *Johns. Rep.* 378. *Bank of Utica* v. *Smalley,* 2 *Cowen,* 778. *Bank of Auburn* v. *Weed & al.* 19 *Johns. Rep.* 300. 303. *Bill* v. *The Fourth Great Western Turnpike Road,* 14 *Johns. Rep.* 416. *Bank of Michigan* v. *Williams,* 5 *Wend.* 482, 3. S. C. in error, 7 *Wend.* 541. *United States Bank* v. *Stearns,* 15 *Wend.* 314.

The same is held as law in *Virginia;* and while the right of a foreign corporation to sue is admitted, they hold, that they

need not aver the incorporation in the declaration, but it may be put in issue, by the defendant, or the question may be raised upon the general issue. *Rees* v. *Conococheaque Bank,* 5 *Rand.* 326. *Taylor* v. *Bank of Alexandria,* 4 *Leigh,* 475.

In *Maryland,* it is also decided, that a corporation of another state, must, under the general issue, prove its corporate powers. *Agnew* v. *Bank of Gettysburg,* 2 *Har. & Gill,* 479.

In *Mississippi,* they say, a corporation assume to sue in an artificial character : it is necessary that they sustain their allegations by proof. *Carmichael* v. *Trustees of School Lands,* 3 *How.* 98.

A similar doctrine is said to be held in *Illinois.* *Hargrave* &'al. v. *Bank of Illinois,* 1 *Breese,* 84. 86.

In *New-Hampshire,* it is said, by *Woodbury,* J., that where the plaintiffs sue as a corporation, and the general issue is pleaded, they may still be required to prove their incorporation. *Society for the propagation of the Gospel* v. *Young,* 2 *N. Hamp.* 310. And if this general doctrine is impaired, by after decisions, still it is held as it respects foreign corporations. *School District* v. *Blaisdell,* 6 *N. Hamp.* 197.

In *North Carolina,* it has also been held, that on this issue, the plaintiffs must show themselves a corporation. 1 *Dev. & Bat.* 309.

And in *Pennsylvania,* the distinction between the capacity to sue and the right to contract, is recognized. *Wolf* v. *Goddard,* 9 *Watts,* 555.

Such is the course of authorities in this country. It is said, however, that a different decision has been made in *Kentucky.* An expression is also used, by *Story,* J., in one of the opinions before cited, which requires to be noticed. After observing, that the point raised, is not so much whether the plaintiffs are entitled to sue generally as a corporation, as whether they have shewn a right to hold lands, he adds, that the general issue admits not only the competency of the plaintiffs to sue, but to sue in the particular action which they bring ; and then goes on to show, that in the case before the court, there was abundant evidence to establish the right of the corporation to hold the land in controversy. *Society for the propagation of the Gospel* v. *Pawlet,* 4 *Pet.* 501, 3. If, as we suppose, the judge means to say, that the plea admits that the plaintiffs can sustain an action of ejectment, there is no inti-

*Windham,*
*July, 1841.*

Phenix Bank
*v.*
Curtis.

mation that therefore they are not bound to show their corporate powers to hold the land in question. We have no idea that the supreme court of the *United States* intended to dispose of the question before us, in this summary way—a question too, which, it was well known, had been solemnly settled differently, by a court of which one of the supreme court of the *United States* then constituted a part. Besides, the judge goes on to point out the several acts shown, admitting the existence of the corporation and its capacity to take the very land in controversy. 4 *Pet.* 502.

Believing, then, the *American* cases to be nearly uniform upon this point, let us look at the *English* authorities. *Norris* v. *Staps, Hob.* 210. was a suit for a penalty upon a by-law. The court said, the plaintiffs need not show how the corporation were incorporated, *i. e.* in his declaration; for the name argues a corporation, and the plea *nil debet*, or the like, requires proof of it. The case of the *Mayor and Burgesses of Lynne Regis,* 10 *Co.* 120. was an action of debt upon a bond, and the plea was *non est factum.* The defence rested entirely upon some trifling variation between the name by which the plaintiffs were described in the bond, and the name in the act of incorporation. If the claim of the plaintiffs here is correct, we see not why the plaintiffs there should have exhibited their act of incorporation at all, or if they did, why the questions made should have arisen, if the plea of the defendant was a waiver of any such proof. In a later case, where the suit was brought by a foreign corporation, it was claimed, that they could not sustain a suit in *England,* and if they could, their name must be set forth, and *how constituted* or *privileged.* The last claim was met, by eminent counsel, by saying, that they need not show how they were incorporated, but upon the general issue pleaded, they must prove they were a corporation. *Henriques* & al. v. *Dutch West India Company,* 2 *Ld. Raym..* 1532. 1535. And a late reporter tells us, in a note, that Lord *King,* who tried that cause, declared, that he held the company bound to prove, by proper evidence, that they were an authorized company in their own country. (*a*)

(*a*) Note (*a*) to *The National Bank of St. Charles* v. *De Bernales,* 1 *Carr.* & *P.* 569.

And in the note in the index to the case in *Ld. Raym.*, it is said, if a pretended corporation sue, and they are no corporation, the defendant may have the benefit of it, upon the general issue. And in a modern case, a copy of a charter of the King of *Spain* was introduced to prove the corporate right of the plaintiffs ; and in his marginal note, the reporter says, a corporation in a foreign country may sue, as such, in the courts of this country; but they must prove they are incorporated in that country. *The National Bank of St. Charles* v. *De Bernales*, 1 *Carr. & P.* 569. And if these are to be considered as *dicta*, or admissions of counsel, or loose notes, they seem at least to shew a uniform current of opinion from the days of Lord *Hobart* to the present time, upon this question, in *England*.

And why should it be otherwise ? The plaintiffs here allege, that they are incorporated, by the laws of another state or country ; and that the defendant contracted with them, in that character. The defendant, by his plea, calls upon the plaintiffs to prove the facts, and all the material facts, in their declaration. It might seem at first view, says *Chitty*, as if the defendant, by his plea, only denied his having made the promise, as the definition of a contract is an agreement founded on a sufficient and legal consideration to do some legal act, or to omit the doing of an act, the performance of which the law does not enjoin. The above plea, by denying the contract, in effect puts in issue every part of the above definition, *viz.* the agreement, &c. 1 *Chitt. Pl.* 469. The question, says another author, on such issue, is, whether the defendant is indebted to the plaintiff; or whether he is liable to the plaintiff, as he, in his declaration, has alleged. *Stev. Pl.* 508.

Here the plaintiffs claim, that the defendant entered into a contract with them, which he has violated. It would seem then, of course, that they must prove the contract. The exhibition and proof of the note and indorsement, would, in ordinary cases, be sufficient ; as in case of a natural person, there would be sufficient *prima facie* evidence of a power to contract. But is it so in case of a corporation ? We have decided, that it has no natural rights, and none but such as its charter confers ; that it is the mere creature of the charter. *New-York Firemen Insurance Company* v. *Ely* & al. 5 *Conn. Rep.* 556. How then can this court know what powers or

privileges the charter of this company confers? When the defendant, by his plea, denies the contract, it would seem, that he denies every part of it; and when we cannot recognize the plaintiffs as a natural person, they having declared under an act of incorporation; when we cannot recognize them as a corporation known to our law, they having declared upon an incorporation by a foreign legislature; what is there by which we can see or know that this contract was made with a person who had authority to make it? We proceed upon the ground that the defendant has admitted the plaintiffs' right to sue; yet unless he has also admitted their authority to make contracts, and all contracts, we think, that by all the rules of evidence the plaintiffs must prove it. The court certainly cannot know what powers a foreign legislature have granted to a company of its citizens, except it be proved as all foreign laws must be. Can it be said, that the *name* argues the power, as it was said by Lord *Hobart*, the name argues a corporation? The name indeed argues a bank; but unless it is a necessary incident of a bank, to take notes, it must be very slight evidence. Is it said, that the defendant, by making a contract with the plaintiffs, by this name, has admitted they were a corporation? The defendant might have made this contract with individuals who assumed this name and style, as well whether they were a corporation or not. *The Utica Bank* v. *Stevens*, 15 *Wend.* 316. And that the defendant is not estopped by this, is well settled in *New-York. Well and Canal Company* v. *Hathaway*, 8 *Wend.* 480. *Williams* v. *The Bank of Michigan*, 7 *Wend.* 541. And in the cases which have come before this court of foreign corporations, the plaintiffs have exhibited their charters as evidence of their powers. *New-York Firemen Insurance Company* v. *Ely*, 5 *Conn. Rep.* 550. 574. *Philadelphia Loan Company* v. *Towner*, 13 *Conn. Rep.* 249.

We regret to send back a case where we have no reason to doubt that the evidence existed, but was omitted to be presented. We regret too, that we had not the benefit of consulting with the judge, who tried the cause in the court below, before we came to this result. But, upon the best considera-

tion we can give to the case, we think a new trial must be granted.

In this opinion the other Judges concurred, except CHURCH, J. who was absent, and WAITE, J. who declined giving any opinion. (*a*)

New trial to be granted.