THEODORE COLLINS, Administrator of CLARA V. COLLINS v.
L. W. GILBERT.

Where the right of a party to a *recordari*, as a substitute for an appeal
from a justice's judgment, depends upon the facts proved or admitted
before the Judge of the Superior Court, it is his duty to find and state
the facts upon which he proceeds to act, and if, upon an appeal to the
Supreme Court, such facts do not appear to have been found and stated,
that Court must overrule the decision of the Court below, because the
Supreme Court cannot try any "issue of fact."

Where, but for errors alleged, the record would sustain the judgment
given in the Court below, it must be sustained by the Supreme Court,
unless the errors are shown. But the case is otherwise when there is
nothing in the record to sustain the judgment of the Court below.

The cases of *Cardwell* v. *Cardwell*, 64 N. C. Rep. 621, and *Heileg* v. *Stokes*,
63 N. C. Rep. 612, cited and approved.

This was an application made to the Judge of the Supe-
rior Court of CALDWELL County, for a *recordari*, as a sub-
stitute for an appeal from a Justice's judgment. The peti-
tioner was the defendant in the judgment, and stated fully
the grounds upon which her application was based. The
writ of *recordari* was ordered to be issued, and upon the re-
turn of the record and proceedings, the plaintiff in the judg-
ment appeared and filed an answer to the petition in which
many of its allegations were denied; and at the Fall Term,
1870, his Honor, *Judge Mitchell*, presiding, the following is
the only entry of the proceedings in the cause: "Motion to
dismiss. Motion overruled. Ordered that a new trial be
granted, and the cause placed on the trial docket, from which
motion and order, the plaintiff appealed to the Supreme
Court."

*Malone*, for the petitioner.
*Folk*, contra.

READE, J. This was an application for a writ of *recorda-
ri* as a substitute for an appeal from a Justice's judgment.

The record shows no evidence, except the complaint and answer, which we suppose were treated as affidavits.

The only question is, whether a writ of *recordari* ought to have issued.   This depends upon the facts.   No facts are found by his Honor, and, therefore, we cannot tell whether he decided right or wrong.   Nor can we look into the evidence and find the facts; because, the Constitution forbids us to try any "issue of fact."   As the case is presented to us, it appears, that his Honor granted the writ without finding any fact at all.   And, therefore, we are obliged to overrule him.

It was suggested that we ought to presume that his Honor found such a state of facts as would sustain his judgment. If we adopt that rule we would always have to sustain his Honor when he fails to state the facts.   And this would make his decision the last resort.   It is true that where, but for errors alleged, the record would sustain the Judge, he must be sustained, unless the errors are shown.   But here there is nothing to sustain him.   His action was arbitrary so far as it appears to us.

As to the necessity for the Judge to state the facts, see *Cardwell* v. *Cardwell*, 64 N. C. R. 621.   As to distinction between "questions of fact" and "issues of fact," see *Heileg* v. *Stokes*, 63 N. C. R. 612.

There is error.   This will be certified.

PER CURIAM.                              Judgment reversed.