J. R. BARNES, trading under the name of J. R. Barnes & Co., v.
SALLIE S. EASTON.

### *Appeal—Recordari—Rules of Practice.*

1. The decision of the Judge upon a petition for *recordari* as a substitute for an appeal, after proper notice to the adverse party, is final and can only be reviewed by appeal, or upon an application to vacate it for mistake, surprise or excusable negligence.

2. If the writ is granted without notice, the opposing party may be heard upon the merits, or other sufficient grounds, upon the return thereof.

3. The Supreme Court has power to prescribe Rules of Practice for the subordinate Courts.

(*Perry* v. *Morris*, 65 N. C., 221; *Rencher* v. *Anderson*, 93 N. C., 105; cited and approved).

This was a petition for *recordari*, heard upon notice to the plaintiffs, before *Philips, Judge,* at Chambers, in Roxboro, in the county of PERSON, on the 3d day of May, 1887.

The appellant applied by petition to a Judge at Chambers for writs of *recordari* and *supersedeas,* and gave notice of such application to the counsel of the appellees. Neither the latter nor their counsel appeared before the Judge at the time and place designated in the notice. The Judge, however, then and there procceded to hear the application upon the merits, and directed the writ of *recordari* to be issued by the clerk of the Superior Court of the county of Granville, requiring the proceedings before a justice of the peace in that county, in the case of J. R. Barnes & Co., plaintiffs, against Sallie S. Easton, defendant, to be brought into the said Superior Court, at the Spring Term thereof of 1887, and also directed the writ of *supersedeas* to be issued as prayed for, and also requiring the petitioner to give proper undertakings, &c., in that behalf.

In pursuance of such orders, the writs named were issued, and the proceedings in the case mentioned were duly certified and sent into the Superior Court mentioned, and there docketed.

At the term of that Court mentioned, the counsel of the appellees, who are the plaintiffs in the case above named, moved the Court to allow them to oppose the appellant's said application, and to file affidavits, &c., in opposition thereto, which motion the Court granted, the appellants objecting and excepting.

The Court allowed the application to be opened, affidavits to be filed, heard the application over, and gave judgment dismissing the same. The appellant, having excepted, appealed to this Court.

*Mr. J. W. Hays,* for the plaintiffs.
*Mr. R. W. Winston* filed a brief, for the defendant.

MERRIMON, J., (after stating the case). The application by the appellant to the Judge at Chambers for the writ of *recordari*, as a substitute for an appeal from the judgment of a justice of the peace, and for the writ of *supersedeas* in that connection, was made upon notice to the appellees, and in strict observance of Rule 13 of the Rules of Practice prescribed by this Court, regulating the practice in the Superior Courts in such matters. (See Rule 13, 92 N. C., 854.) This rule, among other things, provides, that "The petition (in such applications) shall be verified, and the writ may be granted with or without notice; if with notice, the petition shall be heard upon answer thereto duly verified, and upon affidavits and other evidence offered by the parties, and the decision thereupon shall be *final,* subject to appeal, as in other cases."

This provision is applicable to this case.

The appellees, for some reason—negligently, so far as appears—failed to appear before the Judge in pursuance of the notice to them and oppose the application, and the Court proceeded regularly to hear it upon its merits, as the same appeared, and gave his "decision thereupon," requiring proper undertakings of the petitioner, as required by the statute. (*The Code,* §545,) and directing the writs to issue according to law. It was not essential to the validity of the application and proceedings therein, that the appellees should have appeared and opposed it. They had the right to refuse or neglect to do so, but they did so at their peril, as to what the Court might adjudge in that behalf.

The decision of the Judge upon the application was *final* as to it, in the absence of an appeal or a substitute for the same. When the writs granted were executed and returned with the proceedings and judgment of the justice of the peace in the action before him, the latter was in the Superior Court to be heard and tried there, just as if an appeal had been regularly taken from the judgment of the justice of the peace. The writ of *recordari* was a substitute for the appeal which had been lost. The Court, therefore, erred in rehearing the application for the writ of *recordari*, and dismissing it.

As the application was thus at an end, if the appellees had any cause, as that notice was not served upon them although it appeared to be, accident, fraud, or the like, as against it, of which they could avail themselves, they should have proceeded by petition, setting forth such causes, and had the same heard. This was not done—the Court proceeded to rehear, as if no decision had been made. This was very irregular, and as the appellants interposed their objections in apt time, they are entitled to have the order dismissing their application, and as a consequence, the action in the Superior Court, reversed, so that the case will stand for trial as if the order had not been made.

The rule of practice mentioned and cited above, was adopted in order to simplify and expedite the course of procedure and practice in such matters as it refers to. It is not in conflict with any statute, nor was it and other like rules made officiously. They are operative, and must be observed when they apply, unless there shall be some concurrent remedy invoked. The authority of this Court to make such rules is expressly conferred by the statute, (*The Code*, §961,) and it has been exercised from time to time ever since the Court has been established. The first statute was enacted in 1818. *Perry* v. *Morris*, 65 N. C., 221 ; *Rencher* v. *Anderson*, 93 N. C., 105.

The view we have taken of the grounds of error assigned, renders it unnecessary that we examine into the *merits* of the application of the appellant. Those were determined by the Judge at Chambers.

Let this opinion be certified to the Superior Court, to the end that further proceedings may be had in the action according to law. It is so ordered.

No error.                                    Affirmed.