### CHANEY ASHBY v. JAMES H. PAGE.

*Apprentice—Parent and Child—Appeal—Res Judicata—
Practice.*

From a judgment of the Superior Court affirming an order of the Clerk
    apprenticing and awarding the custody of a child, the mother
    appealed to the Supreme Court, where the judgment was held to
    be erroneous, upon the ground that the facts found did not war-
    rant it. When the matter came again before the Superior Court
    upon the certificate of the Supreme Court, additional evidence
    was heard, which brought the case within the statute: *Held—*

1. The judgment of the Supreme Court was not *res judicata*, and that
    it was proper for the Court below to hear the matter *de novo.*

2. It was competent for the Judge to determine the matter without
    sending it back to the Clerk.

3. Where it is found that the mother is a person of bad character, and
    unfit to have the care of her child, it may be apprenticed by the
    Clerk to another person, under the statute (ch. 169. Laws 1889).

APPEAL from judgment of *McCorkle, J.*, at Fall Term,
1890, of STOKES Superior Court.

This case was brought here by a former appeal, and is
reported in 106 N. C., 328, when this Court found error in
the ruling below.

On 21st of May, 1890, soon after said opinion had been
filed, and before the next succeeding term of Stokes Superior
Court, the plaintiff sued out a petition of *habeas corpus*, which

defendant answered 26th May, but, by successive continuances, the matter went over to the Fall Term, at which time the Court heard additional affidavits from the defendant, the plaintiff excepting. Counter-affidavits were then offered by the plaintiff. The Court found as facts, that the plaintiff had three bastard children (one of them the child in controversy) before her present marriage; that she had placed the child with the defendant when it was small, and he had reared it; that she is a woman of bad character for virtue and morality, and that she is not a fit person to have the custody of the child; that the defendant is a man of good moral character and a suitable person to have the custody of it, and remanded it to him by virtue of the apprenticeship heretofore made by the Clerk of the Superior Court.

The defendant appealed, and assigned as error—

1. That the Court erred in hearing additional evidence, as the matter was *res judicata.*

2. That, by virtue of the decision of the Supreme Court, the plaintiff was entitled to judgment directing the child to be delivered to her.

3. That the child did not come under any of the provisions of chapter 169, Acts 1889, and plaintiff was entitled to its custody.

4. That, by virtue of said act, and in the *status* of the cause, the Court had no jurisdiction to pass upon the right and propriety of allowing the defendant to hold the custody of the child.

The cause was submitted in this Court on printed briefs, without oral argument by counsel, under Rule 10.

*Mr. A. M Stack* (by brief), for plaintiff.
*Mr. W. W. King* (by brief), for defendant.

CLARK, J.—after stating the case: The decision of this Court on the former hearing (106 N. C., 328) was, that there

was error, because the facts as found by the Court below did not bring the case within any of the five classes which the Clerk was authorized to apprentice by chapter 169, Acts 1889. There was no final judgment here, and the cause stood on the docket of the Court below for a new trial at the first term held after the certificate was sent down from this Court. Acts 1887, ch. 192, § 3. The attempted *habeas corpus* proceeding was irregular, as the defendant had possession of the child under the order of the Court (*The Code*, §§ 1645, 1646), and, though this Court had held there was error, no judgment had been given for plaintiff on the merits, and the matter stood for proper action at the next term. The *habeas corpus* proceeding seems to have been in the nature of a petition in the cause. It could serve no purpose, and may be treated as mere surplusage. The plaintiff contends, however, that the opinion of this Court was a finality, and that it was error in the Court below to hear additional testimony. To this we do not assent. This Court decided that the facts found did not warrant the judgment that the plaintiff was not entitled to the custody of the child. It was competent for the Court below to hear any additional testimony, and it was its duty to find the facts before entering its judgment. In *Jones* v. *Swepson*, the Court had, on the former appeal (79 N. C., 510), held that there was error, and the Court on the second appeal (94 N. C., 700), say (SMITH, C. J.), in passing upon the same point now before us, "We think it clear that a new trial awarded for some vitiating illegal ruling which may be reasonably supposed to have influenced the verdict re-opens the controversy for the admission of any evidence that is itself competent and ought to have been received, if offered, at the first trial. This is equally true when the Judge assumes the function of passing upon the evidence and determining the facts upon which the judgment is founded." The decision of this Court that there was error had the effect to set aside the former decision, and the cause

stood for trial on the merits *de novo*. The present case and the one just cited differ, therefore, somewhat from *Jones* v. *Thorne*, 80 N. C., 72; *Sanderson* v. *Daily*, 83 N. C., 67; *Mabry* v. *Henry*, *ibid.*, 298; *Roulhac* v. *Brown*, 87 N. C, 1; *Pasour* v. *Lineberger*, 90 N. C., 159; *Wingo* v. *Watson*, 98 N. C., 482, and the like. In those cases certain interlocutory orders as to refusing injunctions, appointing receivers, vacating attachments, and the like, were held to be *res judicata*, unless affidavits were presented showing additional facts subsequently transpiring, or at least facts making an entirely different ground for the relief already refused. Here the Court, on appeal, has adjudged that the facts found did not warrant the judgment, and on the new trial the appellee has made out a stronger case.

The present finding of the Court below upon the additional evidence offered is, that the plaintiff is a woman of bad character, and not a fit person to have the custody of the child, who is without a father. This brings the case within the fourth class of section 2, ch. 169, Acts 1889, and the Clerk was authorized to apprentice the child to the defendant.

This being an appeal to the Superior Court from the Clerk, it was competent for the Judge, instead of sending the case back to the Clerk, to proceed to hear and determine the matters in controversy himself. Acts 1887, ch. 276.

Affirmed.