MARY E. BEVILLE v. H. S. COX, Adm'r of JOANNA COX.

*New Trial—Appeal from Justice of the Peace—Jurisdiction— Married Women—Coverture—Contract—Pleading.*

1. When a *venire de novo* is awarded by the Supreme Court the cause goes back for trial upon the whole case (unless restricted to specific issues) as if no former trial had taken place.

2. The Superior Court is not bound to recognize supplemental additions voluntarily made by a Justice of the Peace to the transcript of the record of an appeal from him.

3. The fact that a plaintiff who sues to enforce a contract is a married woman, when such fact does not appear on the face of the complaint, can only be taken advantage of by special plea or answer in abatement. It will be waived by a general denial.

4. Where, in an action before a Justice of the Peace, the plaintiff included in her complaint demands, of only some of which that Court had jurisdiction, and on appeal to the Superior Court recovered judgment upon that portion which was cognizable before the Justice of the Peace: *Held,* the judgment would be sustained.

CIVIL ACTION, tried at May Term, 1890, of GUILFORD Superior Court, *Boykin, J.,* presiding.

This action was brought to recover compensation for services by plaintiff to the testatrix of defendant, first tried on appeal from a Justice's Court, before McRAE, J., at August Term, 1890, upon the issue, "Is the defendant indebted to the plaintiff as alleged, and if so, how much?" and from the judgment at that term there was an appeal to the Supreme Court and new trial granted. (107 N. C., 175.)

Upon the last trial the plaintiff tendered the same issue on which the case had been tried before, and thereupon the defendant tendered the following additional issues, to-wit:

"Is the plaintiff a married woman? Did plaintiff's cause of action, if any she has, accrue within three years before the beginning of this action? Is the action barred by the statute of limitations?"

To the submission of these issues the plaintiff objected, on the ground that defendant had offered to plead the same matters before McRae, J., who declined them, to which refusal no exception was taken by defendant; and on the further ground that the paper-writing filed in the papers and marked by the Clerk as filed the 19th of November, 1890, and called a supplemental return of the Justice of the Peace, had been procured from the Justice without an order of the Superior Court therefor, and put into the papers without notice to plaintiff, and therefore did not constitute a part of the record. On this objection, on inquiry of the Judge as to whether these matters embraced by said issues had been discussed before McRae, J., and ruled upon by him, the defendant admitted they had been, and thereupon they were rejected, and the trial proceeded upon the issue tendered by the plaintiff. To this refusal of defendant's issues the defendant excepted.

In opening, plaintiff announced to the Court that she claimed to recover in this action, in conformity with the decision of the Supreme Court in the case, only for her services to testatrix of defendant, under contract with her, from February, 1885, to August, 1886, at which last date she—testatrix—had intermarried with the defendant, H. S. Cox, and she introduced testimony tending to show that she lived with the defendant's testatrix, her aunt, from February, 1885, to August, 1886, under a contract with said testatrix to pay her for her services, such as cooking, washing, etc., and also tending to show that her services were reasonably worth one dollar per week, and that during all the time the testatrix of defendant was a *feme sole*.

To support the contention of defendant under the issue submitted, there was testimony tending to show that plaintiff was living with the testatrix of the defendant as a member of her family, without any contract for or expectation of pay, and defendant proposed to ask of the plaintiff whether

she was or was not at the date of her alleged contract, and during her services to defendant's testatrix, the wife of a man by name of Smith, which was objected to as not pertinent to and embraced in the issue submitted to the jury, which was excluded by the Court.   Defendant excepted.

The defendant moved to dismiss the action for want of jurisdiction in Justice's Court, which his Honor refused to do.

His Honor instructed the jury, that if the testimony satisfied them that plaintiff rendered the services as alleged under a contract to be paid for the same, she was entitled to recover such amount as from the testimony they should find such services reasonably worth from February, 1885, to August, 1886, the date of testatrix's marriage with the defendant Cox, and that she could not recover for services rendered since said marriage.

There was a verdict for plaintiff for services up to August, 1886.

Plaintiff moved for judgment, and defendant moved for a new trial, for errors, to-wit, the refusal of his Honor to submit the issues tendered by defendant and exclusion of testimony as excepted to, and so much of his Honor's charge to the jury as instructed them that plaintiff could recover.

The Judge declined to give a new trial, and signed judgment for plaintiff, from which defendant appealed.

*Mr. J. H. Dillard* (by brief), for plaintiff.
*Mr. J. T. Morehead* (by brief), for defendant.

CLARK, J.:   When this case went back for a new trial it was competent to admit additional evidence, or further pleadings and issues.  *Ashby* v. *Page,* 108 N. C., 6.   A new trial is on the whole merits (unless it is restricted to certain issues), and the Court below can proceed as if no former trial had taken place.  *McMillan* v. *Baker,* 92 N. C., 110; *Jones* v. *Swep-*

*son*, 94 N. C., 700. Whether, however, the Court would permit the additional pleas asked by defendant, was in its discretion and not reviewable (*Hinton* v. *Deans*, 75 N. C., 18; *Johnson* v. *Rowland*, 80 N. C., 1), unless the Court put the refusal upon a want of power, which was not done. The inquiry by the Court as to the action of the preceding Judge seems to have been to aid himself in the exercise of his discretion. At least we are not to presume error when it is not affirmatively stated that the refusal was on the ground of a want of power. Besides, the additional issues asked and refused did not arise upon the pleadings or the Magistrate's return. We know of no practice which would require the Judge to recognize the additional returns, voluntarily sent up since the former trial by the Justice of the Peace. Why the Justice did not amend his return earlier, or why a *recordari* was not issued to have the additional matter sent up, does not appear. Doubtless the Judge, if the parties consented, or without their consent, might permit the supplementary returns to be filed, but he did not do so. If a *recordari* had been applied for, the adverse party would have had notice and been put on inquiry, of which benefit he was deprived by the volunteered action of the Justice.

It is clear that, both under the old practice and the new, advantage cannot be taken of the coverture of the plaintiff under the plea of the general issue. That plea controverts the allegations of the plaintiff. It does not admit of proof of matter in avoidance, such as the coverture of plaintiff. Gould on Pleadings, 531. A married woman may sue alone on a contract to pay her for her services rendered, subject to the non-joinder of the husband being pleaded in abatement. *Moran* v. *Cubitt*, 3 Exch., 611; *Bendix* v. *Wakeman*, 12 M. & W., 97; *Dalton* v. *Midland R. R. Co.*, 22 L. R. (N. S.), 177. If a married woman sues alone, and the disability does not appear upon the face of the complaint, the defendant can only avail himself of the coverture by specially pleading it.

The objection is waived by a general denial. *Dillaye* v. *Parks*, 31 Barb., 132. The plea of the general issue is a waiver of all objections to the person of the plaintiff and admits his capacity to sue. *Brown* v. *Illius*, 27 Conn., 84; *Bank* v. *Curtis*, 14 Conn., 437. In our own State it is held that if the subject-matter is within the jurisdiction, "any peculiar circumstance excluding the plaintiff or exempting the defendant must be brought forward by a plea to the jurisdiction. Otherwise, there is an implied *waiver of the objection*, and the Court goes on in the exercise of its ordinary jurisdiction." *Blackwell* v. *Dibbrell*, 103 N. C., 270, citing PEARSON, J.; in *Houston* v. *Branch*, 44 N. C., 85. The Court, therefore, properly excluded evidence which would only have been competent to support a plea in abatement, not pleaded.

If the contract had been a continuing one, the plaintiff could have recovered before the Justice of the Peace for the entire services (not exceeding $200), as was pointed out in this case, 107 N. C., 175, as well for those rendered after marriage of defendant's intestate as before. But if, in her complaint before the Justice, the plaintiff joined in the account charges for services rendered after the marriage of such intestate, as well as those before, and on appeal only recovered for those rendered before the marriage, we do not see how the defendant can complain. *Deloatch* v. *Coman*, 90 N. C., 186; *Ashe* v. *Gray*, 88 N. C., 190. In any aspect of the case the coverture of the defendant's intestate could not defeat the recovery before a Justice for at least the services rendered before her marriage. *The Code*, § 1823; *Hodges* v. *Hill*, 105 N. C., 130; *Neville* v. *Pope*, 95 N. C., 346.

No error.