H. F. MERRELL *et al.* v. C. A. McHONE.

(Decided May 15, 1900.)

*Justice's Court—Attachment—Recordari.*

An attachment wrongfully issued from the Justice's Court against a citizen of the State, transiently absent, is remedied by *recordari.*

ATTACHMENT PROCEEDING from the Justice's Court, heard before *Starbuck, J.,* at Fall Term, 1899, of MADISON Superior Court. A petition for *recordari,* as substituted for appeal, had been granted by *Norwood, J.,* at a previous term, but the writ had not been complied with. The order was reiterated at present term, and upon the return to it, the plaintiff moved to dismiss, which was refused. Plaintiff excepted. Upon

the trial, judgment was rendered for the defendant.   Plain-
tiff excepted on appeal.

*Messrs. W. W. Zachary,* and *J. M. Gudger, Jr.,* for appel-
lants.

Appellee not represented in this Court.

CLARK, J.   The Code, sec. 876, provides:   "If the judg-
ment is rendered upon process not personally served, and the
defendant did not appear and answer, he shall have fifteen
days after personal notice of the rendition of the judgment to
serve the notice of appeal herein provided for."   Judgment
was rendered, in an action based upon an attachment, by a
Justice of the Peace against the defendant who was absent
at work in another State.   Within a short time he returned to
the State, and as soon as he had information of the judgment
he applied to the Justice for a rehearing (Code, sec. 845), or
an appeal, both of which were refused on the ground that the
papers in the cause had already been sent up to the Clerk of
the Superior Court, as is required in attachments upon realty.
Code, sec. 354.   It is not contended that any personal notice
of the judgment was ever given the defendant.

At the first term of the Superior Court, an affidavit and
petition for *recordari* were filed, and an order for the *recor-
dari* issued.   Not being obeyed, an alias issued, and on its
return the plaintiff moved to dismiss, which was refused.
No appeal lay from such refusal (*Perry v. Whitaker,* 77
N. C., 102), and it was properly entered as an exception.
The final judgment being against the plaintiff, it now comes
up for review.   Had the final judgment been in favor of the
plaintiff, the exception would then have become immaterial,
and an appeal unnecessary.

34——126

There was no laches on the part of the defendant. He was entitled to an appeal upon learning of the judgment. He applied immediately to the Justice of the Peace, and he having refused to make a return of an appeal to be docketed in the Superior Court, it would have been useless to give notice to the plaintiff of an appeal which was not allowed to be taken. Besides if, as the defendant avers, he was not a non-resident, he could have applied to the court for a writ of *recordari,* without applying to the Justice of the Peace for an appeal at all. *McKee v. Angel,* 90 N. C., 60; *Caldwell v. Bealty,* 69 N. C., 365; *Clark v. Manufacturing Company,* 110 N. C., 111. The defendant applied at the first succeeding term of the Superior Court for a writ of *recordari.* Notice was given of its issue to the plaintiff as well as to the Justice of the Peace. The defendant averred merits, as required in such application, and the result of the trial has shown he was right therein also.

No error.