W. F. HUNTER v. ATLANTIC COAST LINE RAILROAD COMPANY.

(Filed 19 March, 1913.)

1. Justice's Court—Appeal—Excusable Neglect—Recordari—Appeal and Error—Findings of Fact.

An appeal presently lies from an order of the Superior Court granting a motion for a writ of *recordari* to a justice's court and

directing that the cause be set down for trial *de novo*, and the trial judge should find and declare the facts upon which he based the order, when it is appealed from to the Supreme Court.

2. Justice's Court—Appeal—Excusable Neglect—Appeal and Error —Meritorious Defense—Practice.

On appeal from an order of the Superior Court allowing a writ of *recordari* to a court of a justice of the peace on the ground of excusable neglect of a party or his attorney in not perfecting his appeal from an adverse judgment therein rendered, it must be shown that the defendant had a meritorious defense, or the order appealed from will be held as reversible error.

APPEAL by plaintiff from *Carter, J.,* at January Term, 1913, of LENOIR.

Cause heard on petition for *recordari* to justice court.

From the affidavit of defendant's counsel, the only evidence offered, it appeared that on 4 June, 1912, at and in Lenoir County, plaintiff recovered judgment against defendant, the Atlantic Coast Line, for wrongful failure to ship certain household goods of plaintiff from Fargo, Ga., to Enfield, N. C., the same being, in breach of contract of carriage, sent to Efland, N. C.; that defendant company had employed a law firm to appear and look after the case, but the member of the firm who had been spoken to about the case, and who usually looked after cases of this character, had been compelled to leave and be absent from the State on account of sickness, and for that reason failed to appear at the trial, and, not having mentioned the case to his associate, the defendant was unrepresented at the trial and so lost its right to appeal; that the failure of the partner, in charge of the case, to attend the trial or inform his associate was due solely to his sickness; that at the following term of Superior Court this application was made on notice duly given, and having been continued from time to time till January Term aforesaid, the court entered judgment granting the writ of *recordari* and requiring the justice to send up the papers and that the cause be docketed for trial *de novo*. Thereupon plaintiff excepted and appealed.

*T. C. Wooten, G. V. Cowper, and Y. T. Ormond for plaintiff. Rouse & Land for defendant.*

HOKE, J.   While it is held with us that, in proceedings of
this nature, and in merely formal matters, such as the giving of
notice, etc., a reviewing court is allowed a very wide discretion
(*S. v. Johnston,* 109 N. C., 852; *R. R. v. Richardson,* 82 N. C.,
343), our decisions also hold that an order granting a writ of
*recordari* to a justice's court and directing that a cause be set
down for trial *de novo* rests in the sound discretion of the
court, and is one from which an appeal presently lies.   3 Clark's
Code Procedure, sec. 545, citing among other cases, *Barnes v.
Easton,* 98 N. C., 116; *Perry v. Whitaker,* 77 N. C., 102.   Au-
thority with us, too, seems to require that, in making an order
of this character, the judge should find and declare the facts
upon which he bases his judgment.   *Collins v. Collins,* 65 N. C.,
135.   But assuming that the court intended to adopt and ap-
prove the facts as contained in the affidavit of counsel, and that
the facts contained therein make out a case of excusable neg-
lect, we are of opinion that the order granting the writ in this
instance is erroneous by reason of the utter failure to state or
suggest facts showing or tending to show any meritorious de-
fense to plaintiff's demand.   This is sometimes dispensed with
where the litigant has been misled by the action of the justice
of the peace (*S. v. Warren,* 100 N. C., 489); but where, as in
this case, the failure to appear was owing to the conduct of the
party himself or his attorney, excusable or otherwise, it is
essential to show or properly aver a meritorious defense before
the action of the justice will be disturbed.   *Pritchard v. San-
derson,* 92 N. C., 41; *S. v. Griffis,* 117 N. C., 714; *McKenzie v.
Pitner,* 19 Texas, 135; *Chicago Stamping Co. v. Danly,* 85 Ill.
App., 322.

As heretofore stated, there are no facts set forth in the affi-
davit submitted which show or tend to show that defendant had
any valid defense to plaintiff's demand, and, on authority, in
the absence of such showing, the order granting the writ was
erroneous.   This will be certified, that the same be set aside.

Error.