W. F. HUNTER v. SOUTHERN RAILWAY COMPANY AND ATLANTIC COAST LINE RAILWAY COMPANY.

(Filed 15 October, 1913.)

1. Appeal and Error—Laches—Excusable Neglect—Meritorious Defense—Recordari—Burden of Proof.

Upon motion in the Superior Court for a *recordari* to a justice's court upon the ground of excusable neglect in perfecting the appeal, the burden of proof is on the movant to show that his neglect was excusable, as well as that he had a meritorious defense.

2. Appeal and Error — Laches—Recordari—Trials—Court's Discretion.

Where the Supreme Court has set aside an order of the Superior Court granting a *recordari* to a justice's court for that the affidavit and petition did not set out a meritorious defense, it is in the sound discretion of the Superior Court judge to permit the movant to file additional affidavits for the purpose of showing that the defense relied on was meritorious.

3. Appeal and Error—Laches—Partnerships—Knowledge Presumed.

In law each copartner is charged with knowledge of the business of the firm, and excusable neglect in bringing up an appeal from the justice's court to the Superior Court is not shown because of the sickness of the member of a law firm appearing in the case, who usually attended to cases of the character of the one at bar, and the ignorance of the existence of the case by the other.

WALKER, J., concurring in result; ALLEN, J., dissenting.

APPEAL by plaintiff from *O. H. Allen, J.,* at August Term, 1913, of LENOIR.

Petition for *recordari.* The judge granted the writ below and ordered the cause to be docketed. Plaintiff excepted and appealed.

*T. C. Wooten, Y. T. Ormond for plaintiff.*
*Rouse & Land for defendants.*

BROWN, J. This cause was before us at former term, 161 N. C., 504, and the report of the case is referred to in connection with this opinion.

On that appeal it was deemed unnecessary to pass on the question of excusable neglect, as we held that the affidavit of Rouse and the petition for *recordari* did not set out a meritorious defense to plaintiff's cause of action, and we set aside the order granting the writ.

The burden is on defendants to show excusable neglect as well as a reasonably meritorious defense. The defendants renewed their motion for the writ, and his Honor, *Judge Allen,* permitted them to file the affidavit of Land in addition to the former affidavit of Rouse, for the purpose of showing a meritorious defense. This was excepted to by the plaintiff.

We see no objection to this. It was a matter in the sound discretion of the court below. Where a case is not finally disposed of on appeal, amendments are discretionary with the court below, and the court may hear additional facts. *Foy v. Haughton,* 83 N. C., 470; *McMillan v. Baker,* 92 N. C., 110; *Jones v. Swepson,* 94 N. C., 700; *Ashby v. Page,* 108 N. C., 6; *Belville v. Cox,* 109 N. C., 265.

His Honor found the facts set out in the two affidavits to be true, and held that the facts made out a case of excusable neglect as well as a meritorious defense.

All that is before the Court as to the question of excusable neglect is contained in the affidavit of N. J. Rouse, and the excuse therein urged is the sickness of his partner, Land, who, in accordance with the custom and practice in the office of the firm, had charge of this case, and upon him was the duty of its preparation, etc., and who on account of sickness left Kinston without informing his associate of the pendency of the action.

We do not think these facts make out a case of excusable neglect. In actual practice it may be otherwise, but in law each copartner is charged with knowledge of the business of the firm.

When Land left the office of his firm on account of illness, it was his duty to give notice of the pendency of this action in the court of the justice of the peace to his copartner, Rouse.

No facts are given in the affidavits tending to show that he was mentally and physically incapacitated to mention the matter to his copartner. Independent of that, his copartner is charged in law with knowledge of the firm's business.

The same excuse was urged in *White v. Rees,* 150 N. C., 679, and held to be insufficient.

In that case, *Justice Walker* says: "The member of the law firm who had special charge of the case was too sick to attend, but no sufficient excuse is shown for the failure of the other two members of the firm to attend."

The petition for *recordari* is denied.

Reversed.

ALLEN, J., dissents; WALKER, J., concurs in result.