BARGAIN HOUSE v. C. E. JEFFERSON.

(Filed 15 September, 1920.)

**Appeal and Error—Justices' Courts—Supreme Courts—Docketing Case— Laches—Attorney and Client—Statutes.**

Defendant appealed from a judgment of a justice of the peace rendered upon condition that plaintiff produce certain receipts, which he did in a few days, the appeal being conditioned upon the rendition of the judgment. The judgment was docketed in the Superior Court; nineteen days after the signing of the judgment, and eleven days after it was docketed in the Superior Court, a term of court was held for the county, and another several months thereafter; but the appeal had not then been docketed, and thereafter the plaintiff had execution issued, and defendant moved and obtained a writ of *recordari*, without notice: *Held*, the writ was improvidently granted, and plaintiff's motion to dismiss should have been granted. Rev., 1492. *Held further*, the defendant's laches, in failing to perfect his appeal, was personal to him, and he could not be relieved by imputing it to his attorney.

ALLEN, J., dissenting; WALKER, J., concurs in dissenting opinion.

APPEAL by plaintiff from *Cranmer, J.,* at April Term, 1920, of BEAUFORT.

Judgment was rendered in this case by a justice of the peace 3 September, 1919, for $44.79, the defendant being present in person and by counsel, the justice requiring the plaintiff to produce a receipt for the goods alleged to be lost before he would sign judgment, which the counsel for the plaintiff agreed to do. The counsel for the defendant entered notice of appeal upon condition that the judgment was so entered. On 10 September the plaintiff produced said receipt, and the justice entered the judgment, which was docketed in the Superior Court 18 September, 1919.

On 29 September, 1919, nineteen days after the judgment was signed by the justice, and eleven days after it was docketed in the Superior Court, a term of court was held for the county. But neither at that term nor at the next term, beginning 17 November, was the appeal entered in the Superior Court.

On 2 December, 1919, no appeal having been docketed, the plaintiff caused execution to issue. On 9 December, 1919, the defendant obtained a writ of *recordari* without notice to plaintiff. At April Term, 1920, the plaintiff moved to dismiss the *recordari,* which was refused, and the plaintiff appealed.

*A. W. MacNair for plaintiff.*
*Daniel & Carter for defendant.*

CLARK, C. J. The writ of *recordari* was improvidently granted, and the motion to dismiss should have been granted. Rev., 1492.

When an appeal from a justice of the peace is lost, without fault on the part of the appellant, he is entitled to the writ of *recordari* as a substitute for the lost appeal. But here the appellant was guilty of inexcusable neglect, and was not entitled to the writ. The judgment was rendered 3 September, conditional upon the plaintiff's producing a receipt, which he did a few days later, and the plaintiff entered its appeal. The justice signed judgment 10 September, which was docketed in the Superior Court 18 September.

At the term of the court 29 September the appellant, with proper care, should have made inquiry as to the disposition of the case which had been made by the justice, and certainly it was inexcusable negligence to wait nearly three months before applying for a *recordari*. *Pants Co. v. Smith,* 125 N. C., 590; *Davenport v. Grissom,* 113 N. C., 38, and cases there cited.

It is no excuse for the defendant if he depended on his counsel to look after the matter, for he could have attended to it himself. "It is not enough that parties to a suit should engage counsel and leave it entirely in his charge. They should, in addition to this, give to it that amount of attention which a man of ordinary prudence usually gives to his important business." *Roberts v. Allman,* 106 N. C., 394, and citations thereto in Anno. Ed.

It was incumbent upon the defendant to docket his appeal in the time required by law or show sufficient ground for the *recordari* in lieu of the appeal. *Walker, J.,* in *Tedder v. Deaton,* 167 N. C., 479.

An appeal lies from the dismissal of an action, or of an appeal, for that is final, but it does not lie from the refusal to dismiss, for an exception should be noted and an appeal lies from the final judgment. *Clements v. R. R.,* 179 N. C., 225. If the party loses, then the whole case will come up for review. But when an appeal is in fact taken, the Court, though dismissing the appeal, in its discretion may express an opinion upon the merits. *Hoke, J.,* in *Taylor v. Johnson,* 171 N. C., 85.

Each party will pay half the costs of appeal. *Fleming v. Fleming,* 159 N. C., 440; *Wilson v. R. R.,* 142 N. C., 341; *Patapsco v. Magee,* 86 N. C., 357.

Appeal dismissed.

ALLEN, J., dissenting: I would agree to the judgment of the Court if all the facts appearing in the record were stated in the opinion, but some are omitted, which, I think, are determinative of the appeal in favor of the defendant.

The defendant states in his petition for a *recordari,* which is verified and was used as an affidavit, that after the introduction of evidence by

plaintiff and defendant, and the argument of counsel before the justice, the court (justice) stated "that there was no evidence before it at that time that the plaintiff ever made delivery of the said goods to the railroad company, and that it would continue the matter for the plaintiff to secure more evidence, and upon obtaining this additional evidence would give notice to the defendant at the time it would render judgment in said cause," and it is denied specifically that notice of the rendition of the judgment was given to him, or that he had any knowledge of it.

The attorney of the defendant also files an affidavit in which he says that the statement by the defendant in his petition as to the agreement by the justice to give notice of the rendition of the judgment "is absolutely true to affiant's own knowledge, he being present in person," and that he "did not know that judgment had been rendered until execution was issued thereon."

As stated by *Walker, J.,* in *LeRoy v. Saliba,* at this term, "The judge granted plaintiff's motion. He did not find any facts, nor was he requested by defendant so to do. In the absence of such special finding we must assume that the judge found such facts as were sufficient to support his ruling. This is well settled."

Applying this rule, the judge refused to dismiss the petition for a *recordari,* because he found that the justice agreed to give the defendant notice of the rendition of the judgment, that he failed to do so, that the defendant relied on his promise, that the defendant did not know there was a judgment against him until execution issued, that he applied for a *recordari* at the next term of court after receiving notice of judgment, and in this I see no laches or negligence.

WALKER, J., concurs in dissenting opinion of ALLEN, J.