A. E. STEWART v. BANKS CRAVEN.

(Filed 22 November, 1933.)

**Appeal and Error A d—**

No appeal lies from the refusal of the Superior Court to set aside a writ of *recordari* granted in the cause.

APPEAL by plaintiff from *Cranmer, J.,* at Chambers, 18 April, 1933. From WAKE. Appeal dismissed.

*H. L. Swain for plaintiff.*
*J. A. Thebault for defendant.*

CLARKSON, J. Upon petition of defendant *in due form,* the court below issued a writ of *recordari,* as a substitute for an appeal, to the justice of the peace who tried the action. No exception was entered to the granting of this writ. The order appealed from to this Court is as follows:

"This cause coming on to be heard on this 18 April, 1933, in chambers before his Honor, Judge E. H. Cranmer, one of the judges holding court for the Seventh Judicial District of North Carolina at Raleigh, North Carolina, and being heard upon motion filed by plaintiff for the purpose of setting aside a writ of *recordari* granted in this cause on ...... March, 1933, and being heard upon said petition and motion filed therein; the court finds the following facts:

1. That at 4:00 p.m., on 17 December, 1933, a judgment was rendered against the defendant without having had an opportunity to present his defense, that the defendant appeared for trial at 4:15 p.m., that a justice of the peace therein presiding did not allow the defendant to be heard, because he was too late, in spite of the fact that all of the said defendant's witnesses were present, that he did not reopen the case.

2. That the court further finds as a fact that the defendant is an ignorant Negro, that he is not guilty of laches and that he made his motion for a writ of *recordari* within the time allowed by law and has a meritorious defense.

It is therefore, on motion of J. A. Thebault, attorney for the defendant, considered, ordered and adjudged and decreed that the plaintiff's motion to set aside the writ of *recordari* granted in this cause, be, and the same is hereby denied and dismissed. That the defendant go hence without day and recover his costs."

The *recordari* was therefore granted and this appeal is made by plaintiff from a motion to set aside the writ of *recordari.*

It was held in *Perry v. Whitaker,* 77 N. C., 102: No appeal lies from the refusal of the court below to grant a motion to dismiss a petition for a writ of *recordari.* At p. 104, it is said: "Whether a writ of *recordari* ought to have been issued depends upon the facts." *Barnes v. Easton,* 98 N. C., 116.

In *Merrell v. McHone,* 126 N. C., 528 (529), we find: "At the first term of the Superior Court, an affidavit and petition for *recordari* were filed, and an order for the *recordari* issued. Not being obeyed, an alias issued, and on its return the plaintiff moved to dismiss, which was refused. No appeal lay from such refusal (*Perry v. Whitaker,* 77 N. C., 102), and it was properly entered as an exception. The final judgment being against the plaintiff, it now comes up for review. Had the final judgment been in favor of the plaintiff, the exception would

then have become immaterial, and an appeal unnecessary." *Hunter v. R. R.,* 161 N. C., 503; *Bargain House v. Jefferson,* 180 N. C., 32; See N. C. Code of 1931 (Michie), section 630, and cases cited.

From the record the action is in the Superior Court for trial *de novo.* We observe the motion was made at Chambers, but no point seems to be made of this.

Appeal dismissed.