## F. A. FREEMAN v. HUBERT BENNETT.

(Filed 19 November, 1958.)

**1. Evidence § 1—**

The courts will take judicial notice of the date of the commencement of a term of the Superior Court and who is the presiding judge at such term.

**2. Courts § 8—**

Where appeal from a judgment of a justice of the peace is not filed in the Superior Court within ten days as required by G.S. 7-181, but is filed during the term at which the appeal would have stood regularly for trial had the record been timely filed, appellee's motion at the next succeeding term to dismiss the appeal presents, in like manner as a petition for *recordari,* the question of fact whether the failure of the justice of the peace to comply with the statute was caused by defendant's default, and when there is no evidence or finding in regard thereto, judgment denying the motion is not supported by the record, and the cause must be remanded.

**3. Appeal and Error § 49—**

While findings of the lower court are conclusive when supported by evidence, and in the absence of exception to the findings there is a presumption that the findings are supported by the evidence and thus are conclusive, where there is an exception to each material finding of fact, such findings cannot stand in the absence of evidence in the record tending to support them.

**4. Appeal and Error § 3—**

While the better practice may be for a party to enter exception to the

FREEMAN *v.* BENNETT.

granting of appellant's petition for writ of *recordari*, and present the exception on appeal from final judgment, an appeal lies immediately from judgment entered in the 'Superior Court denying appellee's motion to dismiss a purported appeal from a justice of the peace on the ground that the record was not filed in the Superior Court in apt time, or from the granting of appellant's motion for a writ of *recordari*. Rule of Practice in the Superior Courts No. 14.

PARKER, J., not sitting.

APPEAL by plaintiff from *Thompson, J.,* May 26, 1958, Civil Term, of RANDOLPH.

In two civil actions tried before a justice of the peace, plaintiff obtained separate judgments for $200.00 and $50.00, respectively, plus interest and costs. On March 15, 1958, when said judgments were pronounced, defendant gave notice of appeal in open court and further notice was waived. It appears from said judgments that defendant was present and testified, also that he was represented by counsel, in the trials before the justice of the peace.

On May 26, 1958, in the superior court, plaintiff filed a written motion in each case that defendant's purported appeal be dismissed and the judgment of the justice of the peace affirmed. As the basis for each motion, plaintiff asserted that the next term of Randolph Superior Court after March 15, 1958, convened April 7, 1958, but that defendant had not docketed his appeal or filed any motion based on alleged excusable neglect.

In each of his said motions, plaintiff asserted that his judgment was docketed March 18, 1958, in the office of the Clerk of the Superior Court of Randolph County; that execution was issued on March 19, 1958; that on April 14, 1958, pursuant to said execution, the sheriff took into possession an automobile of defendant; and that thereafter, to wit, on April 14, 1958, when defendant posted a bond to stay execution, the clerk signed an order staying further proceedings.

Defendant filed no answer to plaintiff's said motions.

In a single order, Judge Thompson denied plaintiff's said motions. The order is based on these findings of fact: ". . . and the Court finding as a fact *that the defendant appellant did on the 14th day of April, 1958, docket his appeal from the March 15, 1958, judgments entered by Walter V. Roberts, Justice of the Peace; that all fees to docket said appeals were paid on this date; that said cases were not docketed prior to said date due to the ill health of the defendant, and due to remissness of counsel; it further appearing to the Court that the defendant has a meritorious defense.* The Court further finds that the next term of Superior Court held in Randolph County after the date of March 15, 1958, was on April 7, 1958."

Plaintiff excepted, separately, to each italicized finding of fact, and to the order denying his said motions, and appealed.

*Ottway Burton and Don Davis for plaintiff, appellant.*
*No counsel (in this Court) contra.*

BOBBITT, J.   We take judicial notice of the fact that the next term of Randolph Superior Court after March 15, 1958, convened April 7, 1958, ("the fifth Monday after the first Monday in March to continue two weeks for the trial of civil cases only," G.S. 7-70, as amended by Ch. 1373, Session Laws of 1955,) and that the presiding judge was the regular superior court judge then holding the courts of the Nineteenth Judicial District.

Nothing in the record indicates that defendant moved at said April 7th Term for a writ of *recordari* or otherwise brought to the attention of the presiding judge any matter relating to the status of his purported appeals.

In *Electric Co. v. Motor Lines,* 229 N.C. 86, 47 S.E. 2d 848, *Winborne, J.* (now C. J.), reviews the statutes and cites the prior decisions of this Court relevant to the procedure for perfecting an appeal to the superior court from a judgment of a justice of the peace.

Judge Thompson found as a fact that defendant docketed his appeal during said April 7th Term, to wit, on April 14, 1958. However, plaintiff excepted specifically to this finding of fact and to each of the other findings of fact upon which Judge Thompson's order was based; and the agreed case on appeal, signed by counsel for the respective parties, does not include the evidence, if any, upon which these findings were based.

Assuming defendant's appeal was docketed on April 14, 1958, the justice of the peace did not make a return to the superior court and file with the clerk thereof the papers, proceedings and judgment in the case within ten days after defendant's notice of appeal in open court as required by G.S. 7-181. Had he done so, the appeal would have been docketed more than ten days prior to the commencement of said April 7th Term. Compare *Electric Co. v. Motor Lines, supra.* While docketing on April 14, 1958, if such occurred, would obviate the necessity of having the papers sent up under compulsion of a writ of *recordari,* there would remain for decision the question as to whether the failure of the justice of the peace to comply with G.S. 7-181 was caused by defendant's default. This would present a question of fact for the court, determinable on the basis of the evidence presented, as in case of a hearing on a petition for writ of *recordari.*

Nothing appears to indicate that defendant either pleaded or offered evidence tending to show that he was not in default in respect of the

failure of the justice of the peace to make return, etc., as required by G.S. 7-181.

When a question of fact is presented for decision, the court's findings are conclusive on appeal if supported by competent evidence. *Realty Co. v. Spiegel, Inc.*, 246 N.C. 458, 465, 98 S.E. 2d 871. Moreover, it is presumed that findings of fact are supported, hence conclusive on appeal, unless challenged by appropriate exceptions. *Wyatt v. Sharp*, 239 N.C. 655, 658, 80 S.E. 2d 762. Even so, when, as here, each material finding of fact is challenged by specific exception, such findings cannot stand in the absence of evidence in the record tending to support them. *Scott & Co. v. Jones*, 230 N.C. 74, 52 S.E. 2d 219.

While, upon this record, it appears that the order of Judge Thompson cannot be sustained, the question arises as to whether plaintiff had the right of immediate appeal therefrom. This question was not discussed in plaintiff's brief. No brief was filed in behalf of defendant.

*Bynum, J.*, in *Perry v. Whitaker*, 77 N.C. 102, stated: "An appeal lies from an order of the judge either granting or refusing to grant the writ (*of recordari*), . . ." In accord: *Collins v. Gilbert*, 65 N.C. 135; *Barnes v. Easton*, 98 N.C. 116, 3 S.E. 744; *Hunter v. R. R.*, 161 N.C. 503, 77 S.E. 678; S. c., 163 N.C. 281, 79 S.E. 610.

Rule 14, Rules of Practice in the Superior Courts, 221 N.C. 574, 577, in pertinent part, provides: "The Superior Court shall grant the writ of *recordari* only upon the petition of the party applying for it, specifying particularly the grounds of the application for the same. The petition shall be verified and the writ may be granted with or without notice; if with notice, the petition shall be heard upon answer thereto duly verified, and upon the affidavits and other evidence offered by the parties, and the decision thereupon shall be final, subject to appeal as in other cases;. . . " See *Barnes v. Easton, supra.*

The cases cited below either decide or contain expressions to the effect that an immediate appeal does not lie from an order granting the writ of *recordari.*

1. In *Merrell v. McHone*, 126 N.C. 528, 36 S.E. 35, plaintiffs' appeal to this Court was from a final judgment in favor of defendant after trial on the merits in the superior court. Plaintiff had obtained a judgment before a justice of the peace. A superior court judge had denied plaintiffs' motion to dismiss defendant's purported appeal therefrom and had granted defendant's motion for writ of *recordari.* Plaintiffs excepted to this ruling but proceeded to trial. This Court, upon plaintiffs' appeal from said final judgment, held that the writ of *recordari* had been properly issued. The opinion contains the following: "No appeal lay from such refusal (*Perry v. Whitaker*, 77 N.C. 102), and it was properly entered as an exception. The final judg-

ment being against the plaintiff, it now comes up for review. Had the final judgment been in favor of the plaintiff, the exception would then have become immaterial, and an appeal unnecessary." The decision would seem to be *direct* authority only for the proposition that a plaintiff *may* except to such ruling and bring his exception forward on his appeal from a final adverse judgment after trial in the superior court.

2. In *Taylor v. Johnson,* 171 N.C. 84, 87 S.E. 981, plaintiff's appeal to this Court was from the denial of his motion in the superior court to dismiss defendant's purported appeal from a judgment in plaintiff's favor rendered in the Harnett County Recorder's Court. It appeared that the defendant had not docketed his appeal or moved for *recordari* or *certiorari* within the prescribed time. While this Court stated that the defendant's appeal should have been dismissed on plaintiff's motion, the decision was "Appeal dismissed." The statement in the opinion, pertinent to this feature of the case, is the following: "Under our decisions it seems that an appeal to the Supreme Court does not lie from a ruling of this character, *the better practice* being to note an exception and proceed to a further disposition of the cause." (Our italics) No decisions are cited in support of the quoted statement.

3. In *Bargain House v. Jefferson,* 180 N.C. 32, 103 S.E. 922, plaintiff obtained a judgment before a justice of the peace. Defendant did not docket his appeal or move for *recordari* within the prescribed time. Later, without notice to plaintiff, defendant obtained a writ of *recordari.* The hearing was on plaintiff's motion to dismiss the writ of *recordari,* which motion was denied and plaintiff appealed. This Court said: "The writ of *recordari* was improvidently granted, and the motion to dismiss should have been granted." However, the decision was "Appeal dismissed." The statements in the opinion, pertinent to this feature of the case, are the following: "An appeal lies from the dismissal of an action, or of an appeal, for that is final, but it does not lie from the refusal to dismiss, for an exception should be noted and an appeal lies from the final judgment. *Clements v. R. R.,* 179 N.C. 225. If the party loses, then the whole case will come up for review." The cited case *(Clements v. R. R.)* did not involve an appeal from a justice of the peace. In the superior court action, defendant entered a special appearance and moved to dismiss on the ground that there had been no valid service of process. Plaintiff appealed from an order allowing defendant's said motion and dismissing the action; and, upon such appeal, the said order was reversed.

4. In *Stewart v. Craven,* 205 N.C. 439, 171 S.E. 609, plaintiff obtained a judgment before a justice of the peace. Defendant applied within the prescribed time for a writ of *recordari,* which was granted,

presumably without notice to plaintiff. The hearing was on plaintiff's motion to set aside the writ of *recordari*. Upon findings of fact, the superior court judge approved the issuance of the writ of *recordari* and denied plaintiff's said motion to have it set aside. Plaintiff excepted and appealed. The decision was "Appeal dismissed." The opinion stated: "It was held in *Perry v. Whitaker*, 77 N.C. 102: No appeal lies from the refusal of the court below to grant a motion to dismiss a petition for a writ of *recordari*." Further, the opinion quotes the excerpt from *Merrell v. McHone*, *supra*, quoted above. The opinion cites both *Hunter v. R.R.*, *supra*, and *Bargain House v. Jefferson, supra*. As to whether an appeal presently lies from such order, it would seem that *Hunter v. R. R.*, *supra*, and *Bargain House v. Jefferson, supra*, are in direct conflict.

It is noted that *Hunter v. R. R.*, *supra*, cites *Perry v. Whitaker, supra*, and also *Barnes v. Easton, supra*, in support of the proposition stated in the first headnote as follows: "An appeal presently lies from an order of the Superior Court granting a motion for a writ of *recordari* to a justice's court and directing that the cause be set down for trial *de novo*, and the trial judge should find and declare the facts upon which he based the order, when it is appealed from to the Supreme Court."

It is noted further that *Stewart v. Craven, supra*, cites *Perry v. Whitaker, supra*, and *Merrell v. McHone, supra*, in support of the proposition stated in the headnote as follows: "No appeal lies from the refusal of the Superior Court to set aside a writ of *recordari* granted in the cause."

To resolve the conflict, it becomes necessary to examine closely the decision in *Perry v. Whitaker; supra*.

It is first noted that Whitaker, plaintiff, obtained a judgment before a justice of the peace against G. W. Perry and W. R. Perry, hereinafter called Perry, defendants. Apparently, contrary to the usual practice, the case is styled *"W. R. Perry v. J. D. Whitaker"* because Perry *petitioned* for writ of *recordari* and Whitaker *answered* and moved to dismiss Perry's petition.

While not presently material, it is next noted that the first sentence in the opinion of *Bynum, J., in the reprint*, is: "This is a petition for a writ of *certiorari*." This is an error. *In the original Report*, the first sentence reads: "This is a petition for a writ of *recordari*."

The following excerpt from the opinion of *Bynum, J.*, which includes the portion quoted above, shows clearly the nature of the order held nonappealable, viz.: "An appeal lies from an order of the judge either granting or refusing to grant the writ, *but no appeal lies where the judge has done neither the one nor the other, which is our*

*case.* When the plaintiff filed his petition, the defendant moved to dismiss it, and upon the refusal of the judge to dismiss, he appealed to this Court. A refusal to dismiss *at that stage* of the case *was by no means the same as or equivalent to granting the writ.* Before final action, the judge desired, and it was his duty, to ascertain the facts; hence he ordered the defendant to answer the allegations *of the petition.* The defendant did answer, notwithstanding his appeal, denying many of the allegations of the petition, and thus raising questions of fact for the decision of the court. But without awaiting the finding of the judge upon these issues *or any judgment granting or refusing the writ,* and without predicating any motion upon the petition and answer, the defendant prosecuted and relied upon his previous appeal. The appeal was precipitate and from no appealable order or judgment. Whether a writ of *recordari* ought to have been issued depends upon the facts. No facts are found by his Honor, and we cannot, therefore, see whether he ought or ought not to have issued the writ. But owing to the hasty appeal, his Honor was prevented from either finding the facts or giving a judgment *granting or refusing* the *recordari.*" (Our italics)

The foregoing excerpt from the opinion of *Bynum, J.,* impels the conclusion that this Court in *Perry v. Whitaker, supra,* expressly recognized and declared that an appeal did lie from an order which *either granted or refused* a petition for a writ of *recordari.*

After considering our prior decisions, together with Rule 14, Rules of Practice in the Superior Courts, supra, we are constrained to follow the rule stated in the first headnote in *Hunter v. R. R., supra.* Hence, expressions in the later cases, whether *dicta* or the basis of decision, to the extent in conflict therewith, may be considered as withdrawn as authoritative statements of this Court. However, this should be noted: If, with reference to a purported appeal by defendant from a judgment of a justice of the peace, defendant's petition for writ of *recordari* is granted and plaintiff's motion to dismiss the appeal is denied, plaintiff *may* reserve exception to this ruling and bring it forward in the event he appeals from a final adverse judgment after trial in the superior court. Ordinarily, this would be *the better practice.*

The order of Judge Thompson is vacated and the cause remanded to the end that a further hearing may be had on plaintiff's motion to dismiss defendant's said appeals and on such motions, if any, as defendant may see fit to make relative to its right, if any, to trials *de novo* in the superior court.

Order vacated and cause remanded.

PARKER, J., not sitting.